**FILED**
**JANUARY 22, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   No. 08 C 491 |
| ROSANNE HAMEL, | ) )   Judge Lefkow )   Magistrate Judge Ashman |
| Defendant. | ) |

**08 C 491**

JUDGE LEFKOW
MAGISTRATE JUDGE ASHMAN

## COMPLAINT

COMES NOW, Principal Life Insurance Company, by and through undersigned counsel, and for its Complaint against the Defendant, states and alleges as follows:

### NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1. This is an action for equitable relief to enforce the terms of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1000-1461 ("ERISA").

2. Plaintiff, Principal Life Insurance Company. (hereinafter "Principal"), is a fiduciary of an employee benefit plan established and maintained by Omnigraphics International, Inc. (hereinafter "Plan") for the benefit of its employees and eligible dependents. The Plan is funded through a policy of insurance issued through Principal. Plaintiff is authorized to bring this action under 29 U.S.C. §1132(a)(3) and federal common law.

1

3. This is an action for the imposition of a constructive trust and/or equitable lien over identifiable funds in the possession and/or control of the Defendant. No money damages are being sought from the Defendant in this matter.

4. Defendant, Rosanne Hamel, is a resident of the State of Illinois and may be personally served at her residence at 600 North McClurg Court, #1512A, Chicago, Illinois 60611, located within the Northern District of Illinois.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is an action to enforce the terms of an employee welfare benefit plan under ERISA and federal common law.

6. Pursuant to 29 U.S.C. §1132(e)(2) venue is proper in this Court because the Defendant resides in this District and because the breach of the Plan provision has occurred and is occurring in this district.

## FACTUAL ALLEGATIONS

7. At all times relevant herein, Defendant was a beneficiary of the Plan.

8. On or about September 4, 1997, Defendant sustained personal injuries in a motor vehicle accident.

9. As the result of injuries sustained by Defendant in the aforementioned accident, Principal paid medical benefits in the amount of $32,806.77 on her behalf.

10. The policy of insurance under which the aforementioned payments were made contains an express provision which provides for Principal's right to be reimbursed for benefits paid when the covered insured makes a recovery from another source. Attached hereto as Exhibit A is a true and correct copy of the applicable provisions of the Plan, which are incorporated by reference herein.

11. Upon information and belief, Defendant asserted a claim or claims against the persons or insurers liable to make payment as a result of the motor vehicle accident.

12. Upon information and belief, Defendant settled the aforementioned claims for $500,000.00.

13. Upon information and belief, all or part of the settlement proceeds, or assets acquired with the proceeds, are within the actual or constructive possession of Defendant.

14. Despite requests to counsel, the Defendant has failed to reimburse the plan from the proceeds of the settlement or provide any information with which Principal could evaluate or enforce its rights and has thereby breached the terms of the Plan and ERISA.

## COUNT I: CONSTRUCTIVE TRUST/EQUITABLE LIEN

15. Plaintiff hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 14, above.

16. Pursuant to §1132(a)(3), the Plaintiff seeks equitable relief against the Defendant to enforce ERISA and the terms of the Plan.

17. Upon information and belief, Defendant is in actual or constructive possession of settlement proceeds and is therefore in possession of funds that, as a matter of equity and good conscience, belong to Principal.

18. The Plaintiff, through its agents and counsel, has sent notice to all known parties of its rights under the Plan.

19. The Defendant has refused to turn over the settlement funds according to the provisions of the Plan. Defendant's refusal violates the terms of the Plan and ERISA. Plaintiff is entitled to equitable restitution in the form of a constructive trust or equitable

lien with respect to the disputed funds held in the Defendant's actual or constructive possession.

20. The Defendant should be ordered to turn over to the Plaintiff any settlement funds in the Defendant's actual or constructive possession (up to the amount of the benefits advanced by the Plan on his behalf) in order to enforce the terms of the Plan and ERISA.

21. An equitable lien should be imposed in favor of the Plaintiff upon any assets that the Defendant acquired with the aforementioned settlement proceeds that belonged in equity and good conscience to the Plan.

WHEREFORE, the Plaintiff seeks the following relief:

   a. For service upon the Defendant as required by law;

   b. An order imposing a constructive trust and/or an equitable lien in favor of the Plaintiff upon any funds or any property into which they have been converted which is in the Defendant's possession or under the Defendant's control;

   c. An order enjoining the Defendant from dissipating any of the settlement funds until Plaintiff's rights can be adjudicated;

   d. An order enjoining the Defendant from transferring or disposing of the settlement funds which would prejudice, frustrate or impair Plaintiff's ability to recover same;

   e. An order awarding to Plaintiff reasonable attorney's fees and costs incurred herein, pursuant to section 29 U.S.C. §1132(g)(1); and

   f. Other and further equitable relief to which the Plaintiff may be entitled.

/s/ Julie Line Bailey

**JULIE LINE BAILEY
JOHN D. KOLB
GIBSON & SHARPS**
745 McClintock Drive, Suite 227
Burr Ridge, Illinois 60527
Telephone:    630-321-0063
Facsimile:    630-321-0102
Email: julie.bailey@gibson-sharpslaw.com
**ATTORNEY FOR PLAINTIFF**