IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY | ) ) ) ) |  |
| Plaintiff, | ) ) | No. 08 C 491 |
| v. | ) ) ) | Judge Lefkow |
| ROSANNE HAMEL | ) ) | Magistrate Judge Ashman |
| Defendant. | ) ) |  |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, ROSANNE HAMEL, by her attorneys MARK D. DEBOFSKY, VIOLET H. BOROWSKI and DALEY, DEBOFSKY & BRYANT hereby submits her Answer to Plaintiff's, PRINCIPAL LIFE INSURANCE COMPANY, Complaint and states as follows:

### NATURE OF THE ACTION, PARTIES, JURISDICTION AND VENUE

1.      This is an action for equitable relief to enforce the terms of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1000-1461 ("ERISA").

**ANSWER:**   Defendant admits the allegations in paragraph 1 of the Complaint.

2.      Plaintiff, Principal Life Insurance Company. (hereinafter "Principal"), is a fiduciary of an employee benefit plan established and maintained by Omnigraphics International, Inc. (hereinafter "Plan") for the benefit of its employees and eligible dependents. The Plan is funded through a policy of insurance issued through Principal. Plaintiff is authorized to bring this action under 29 U.S.C. §1132(a)(3) and federal common law.

**ANSWER:**   Defendant denies that Plaintiff is authorized to bring this action but admits the remaining allegations in paragraph 2 of the Complaint.

3.      This is an action for the imposition of a constructive trust and/or equitable lien over identifiable funds in the possession and/or control of the Defendant.  No money damages are being sought from the Defendant in this matter.

**ANSWER:**    Defendant denies the allegations in paragraph 3 as they constitute improper legal conclusions rather than factual allegations.

4.      Defendant, Rosanne Hamel, is a resident of the State of Illinois and may be personally served at her residence at 600 North McClurg Court, #1512A, Chicago, Illinois 60611, located within the Northern District of Illinois.

**ANSWER:**    Defendant denies the allegations in paragraph 4 of the Complaint and avers that she is a resident of New York and resides at 4001 Saddlemire Rd., Binghamton New York, 13903.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is an action to enforce the terms of an employee welfare benefit plan under ERISA and federal common law.

**ANSWER:**    Defendant denies the allegations in paragraph 5 of the Complaint.

6.      Pursuant to 29 U.S.C. §1132(e)(2) venue is proper in this Court because the Defendant resides in the District and because the breach of the Plan provision has occurred and is occurring in this district.

**ANSWER:**    Defendant denies that she resides in the District and denies that she breached or is breaching the Plan provision; and denies that venue is proper, appropriate or convenient in this District.

## FACTUAL ALLEGATIONS

7.      At all times relevant herein, Defendant was a beneficiary of the Plan.

**ANSWER:**    Defendant admits the allegations in paragraph 7 of the Complaint.

8.      On or about September 4, 1997, Defendant sustained personal injuries in a motor vehicle accident.

**ANSWER:**    Defendant admits the allegations in paragraph 8 of the Complaint.

9. As the result of injuries sustained by Defendant in the aforementioned accident, Principal paid medical benefits in the amount of $32,806.77 on her behalf.

**ANSWER:** Defendant admits the allegations in paragraph 9 of the Complaint.

10. The policy of insurance under which the aforementioned payments were made contains an express provision which provides for Principal's right to be reimbursed for benefits paid when the covered insured makes a recovery form another source. Attached hereto as Exhibit A is a true and correct copy of the applicable provisions of the Plan, which are incorporated by reference herein.

**ANSWER:** Defendant admits the allegations in paragraph 10 of the Complaint; however, Defendant denies that Plaintiff is entitled to any further reimbursement as Plaintiff already tendered to Plaintiff $4,500 in full and complete satisfaction of the medical subrogation lien against the tortfeasor recovery. Plaintiff is not entitled to further recovery from Defendant. Further, pursuant to Ch. 768.76, Fl. Stat. 1996, no medical subrogation lien lies against proceeds of Uninsured Motorist Benefits recoveries

11. Upon information and belief, Defendant asserted a claim or claims against the persons or insurers liable to make payment as a result of the motor vehicle accident.

**ANSWER:** Defendant admits the allegations in paragraph 11 of the Complaint.

12. Upon information and belief, Defendant settled the aforementioned claims for $500,000.00.

**ANSWER:** Defendant admits the allegations in paragraph 12 of the Complaint.

13. Upon information and belief, all or part of the settlement proceeds, or assets acquired with the proceeds, are within the actual or constructive possession of Defendant.

**ANSWER:** Defendant denies the allegations in paragraph 13 of the Complaint.

14. Despite requests to counsel, the Defendant has failed to reimburse the plan from the proceeds of the settlement or provide any information with which Principal could evaluate or enforce its rights and has thereby breached the terms of the Plan and ERISA.

**ANSWER:** Defendant denies the allegations in paragraph 14 of the Complaint. Defendant tendered to Plaintiff and Plaintiff accepted the sum of $4,500 in full and complete satisfaction of the medical subrogation lien against the tortfeasor recovery.

### COUNT I:  CONSTRUCTIVE TRUST/EQUITABLE LIEN

15. Plaintiff hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 14, above.

**ANSWER:** Defendant, in response to the allegations in paragraph 15, incorporates by reference her responses to Plaintiff's allegations made in paragraphs 1 through 14 of the Complaint.

16. Pursuant to §1132(a)(3), the Plaintiff seeks equitable relief against the Defendant to enforce ERISA and the terms of the Plan.

**ANSWER:** Defendant denies the allegations in paragraph 16 of the Complaint as they constitute improper legal conclusions.

17. Upon information and belief, Defendant is in actual or constructive possession of settlement proceeds and is therefore in possession of funds that, as a matter of equity and good conscience, belong to Principal.

**ANSWER:** Defendant denies the allegations in paragraph 17 of the Complaint.

18. The Plaintiff, through its agents and counsel, has sent notice to all known parties of its rights under the Plan.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in paragraph 18 of the Complaint.

19. The Defendant has refused to turn over the settlement funds according to the provisions of the Plan. Defendant's refusal violates the terms of the Plan and ERISA. Plaintiff is entitled to equitable restitution in the form of a constructive trust or equitable lien with respect to the disputed funds held in the Defendant's actual or constructive possession.

**ANSWER:** Defendant denies paragraph 19 of the Complaint.

20. The Defendant should be ordered to turn over to the Plaintiff any settlement funds in the Defendant's actual or constructive possession (up to the amount of the benefits advanced by the Plan on his behalf) in order to enforce the terms of the Plan and ERISA.

**ANSWER:**    Defendant denies the allegations in paragraph 20 of the Complaint.

21. An equitable lien should be imposed in favor of the Plaintiff upon any assets that the Defendant acquired with the aforementioned settlement proceeds that belonged in equity and good conscience to the Plan.

**ANSWER:**    Defendant denies the allegations in paragraph 21 of the Complaint.

### AFFIRMATIVE DEFENSES TO COUNTERCLAIM

1. The claim asserted by the complaint, to the extent it states a claim upon which relief may be granted, is barred by the applicable contractual and/or statutory limitations period.

2. Plaintiff's claims are barred by waiver, laches, and/or estoppel.

3. Plaintiff's claims are barred as Plaintiff has received a full accord and satisfaction with respect to its claim.

WHEREFORE, Defendant prays that the complaint be dismissed with prejudice and with costs and fees paid to Defendant pursuant to 29 U.S.C. § 1132(g).

Dated: July 3, 2008

*s/ Mark D. DeBofsky*
Mark D. DeBofsky
Attorney for Defendant

Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, IL 60603
(312) 372-5200
FAX (312) 372-2778

**CERTIFICATE OF SERVICE**

TO:    Julie Line Bailey
         Gibson & Sharps
         745 McClintock Drive, Suite 227
         Burr Ridge, Illinois 60527

The undersigned attorney hereby certifies that on July 3, 2008, he electronically filed the foregoing answer and affirmative defenses with the Clerk of the Court using the CMF/ECF filing system, which sent notice of such filing to the above named attorney.

DALEY, DE BOFSKY & BRYANT
55 W. Monroe St., Suite 2440                          *s/ Mark D. DeBofsky*
Chicago, Illinois 60603                                  Attorney for Defendant
(312) 372-5200                                             Rosanne Hamel
FAX (312) 372-2778